UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

| | |
|---|---|
| ANGI SCHAVE, | |
| Plaintiff, | Civil No. 22-1555 (JRT/LIB) |
| v. | |
| CENTRACARE HEALTH SYSTEM, THE BOARD OF DIRECTORS OF CENTRACARE HEALTH SYSTEM, and JOHN DOES 1-40, | **FINAL ORDER GRANTING PLAINTIFF'S MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT** |
| Defendants. | |

---

Scott Moriarity, **WANTA THOME PLC,** 100 South Fifth Street, Suite 1200, Minneapolis, MN 55402, for plaintiff.

Andrew J Holly, **DORSEY & WHITNEY LLP,** 50 South 6th Street, Suite 1500, Minneapolis, MN 55402-1498, for defendants.

This matter is before the Court, United States District Judge John R. Tunheim, on Plaintiff's Motion for Final Approval of Class Action Settlement. Based upon all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The Court has jurisdiction over the subject matter of the Action and over all Parties to the Action, including all members of the Settlement Class.

2. For the sole purpose of settling and resolving the Action, the Court certifies this Action as a class action pursuant to Rules 23(a) and (b)(1) of the Federal Rules of Civil Procedure. The Settlement Class is defined as:

All persons who participated in the CentraCare Health System Retirement Plan or the CentraCare Health System 403(b) Plan at any time between June 13, 2016 and the date of this Order, including any plan participant and any Beneficiary of the same (including spouses), any Beneficiary of a deceased Person who participated in the Plans at any time during the Class Period, and any Alternate Payee of a Person subject to a QDRO who participated in the Plans at any time during the Class Period. Excluded from the Settlement Class are the members of the CentraCare Retirement Plan Advisory Committee during the Class Period and the members of CentraCare's Board of Directors and their spouses.

3. The Court finds for the sole purpose of settling and resolving the Action that:

   a. The Settlement Class is ascertainable from records kept with respect to the Plans and from other objective criteria.

   b. As required by Fed. R. Civ. P. 23(a)(1), the Settlement Class is so numerous that joinder of all members is impracticable.

   c. As required by Fed. R. Civ. P. 23(a)(2), there are one or more questions of law and/or fact common to the Settlement Class.

   d. As required by Fed. R. Civ. P. 23(a)(3), the claims of Angi Schave ("the Named Plaintiff") are typical of the claims of the Settlement Class that the Named Plaintiff seeks to certify.

   e. As required by Fed. R. Civ. P. 23(a)(4), the Named Plaintiff will fairly and adequately protect the interests of the Settlement Class in that: (i) the interests of the Named Plaintiff and the nature of the alleged claims are consistent with those of Settlement Class members; and (ii) there appear to be no conflicts between the Named Plaintiff and the Settlement Class.

    f. As required by Fed. R. Civ. P. 23(b)(1), the prosecution of separate actions by individual members of the Settlement Class would create a risk of: (i) inconsistent or varying adjudications as to individual Settlement Class members that would establish incompatible standards of conduct for the parties opposing the claims asserted in the Action; or (ii) adjudications as to individual Settlement Class members that, as a practical matter, would be dispositive of the interests of other members not parties to the individual adjudications, or substantially impair or impede the ability of such persons to protect their interests.

    g. As required by Fed. R. Civ. P. 23(g), Class Counsel are capable of fairly and adequately representing the interests of the Settlement Class, and Class Counsel: (i) have done appropriate work identifying or investigating potential claims in the Action; (ii) are experienced in handling class actions; and (iii) have committed the necessary resources to represent the Settlement Class. The Court hereby appoints the Named Plaintiff Angi Schave as Class Representative for the Settlement Class and Wanta Thome PLC as Class Counsel for the Settlement Class.

4.     The Court appoints the Named Plaintiff as Class Representative for the Settlement Class and Wanta Thome PLC as Class Counsel for the Settlement Class.

5. The Court hereby finds that the Settlement Class has received proper and adequate notice (a) of the terms and effects of the Settlement Agreement, the Settlement, and the Plan of Allocation; (b) that Class Counsel is seeking attorney fees and costs from the Settlement Fund and that the Named Plaintiff is seeking a Case Contribution Award from the Settlement Fund; (c) that Settlement administration costs will be paid out of the Settlement Fund; (d) of the time and place of the Fairness Hearing; and (e) how Class Members could object to any relief requested. Such notice included individual mailed notice to all members of the Settlement Class who could be identified through reasonable efforts, as well as notice through a dedicated Settlement website on the internet. These procedures provided Class Members valid, due, and sufficient notice of the proceedings and of the matters set forth in this Order and the procedure for making objections. Such notice fully satisfied the requirements of Fed. R. Civ. P. 23 and the requirements of due process.

6. The Court hereby approves the Settlement Agreement and hereby Orders that the Settlement Agreement be consummated and implemented in accordance with its terms and conditions.

7. Pursuant to Fed. R. Civ. P. 23(e), the Court finds the Settlement embodied in the Settlement Agreement is fair, reasonable, and adequate, and more particularly finds that:

a. The Settlement was negotiated vigorously and at arm's-length by Counsel for the Defendants, on the one hand, and the Named Plaintiff and Class Action on behalf of the Settlement Class, on the other hand, through mediation conducted by Doug Hinson.

b. Plaintiffs and Defendants had sufficient information to assess settlement value of the Action.

c. The Action settled after this Court dismissed Named Plaintiff's Complaint in part.

d. If the Settlement had not been achieved, Named Plaintiff and the Defendants faced the expense, risk, and uncertainty of extended litigation.

e. The Settlement amount of eight hundred thousand dollars ($800,000.00) is fair, reasonable, and adequate, taking into account the costs, risks, and delay of trial and appeal.

f. The proposed method for distributing settlement payments is efficient, relying on records regularly maintained by the Plans' recordkeeper, and class members are not required to file claims.

g. The Settlement terms related to attorneys' fees do not raise any questions concerning fairness of the Settlement.

    h. The parties have no agreements outside the Settlement Agreement and no agreements between the parties subject to Fed. R. Civ. P. 23(e)(2)(C)(iv).

    i. At all times, Named Plaintiff and Class Counsel have acted independently of Defendants and in the interest of the Settlement Class.

    j. Defendants retained independent fiduciary Newport Trust Company, LLC to prepare a report analyzing both the terms of the Settlement and Class Counsel's application for fees and expenses. Newport independently determined that the Settlement was achieved at arms' length and is reasonable, given the uncertainties of a larger recovery for the Class. *See* Doc. No. 75-1. In addition, Newport found the fee request reasonable, in light of the effort expended by Class Counsel in this litigation. *See* Doc. No. 75-1.

    k. At all times, the Named Plaintiff and Class Counsel have acted independently of Defendants and in the interest of the Settlement Class; and

    l. There were no objections to the Settlement or to Class Counsel's Motion for an Award of Attorneys' Fees, Reimbursement of Expenses, and Case Contribution Award for the Class Representative.

8. The Plan of Allocation is finally approved as fair, reasonable, and adequate. Class Counsel shall direct distribution of the Net Settlement Amount in accordance with the Plan of Allocation and the Settlement Agreement.

9. The Releases set forth in the Settlement Agreement, including but not limited to, Article 7 of the Settlement Agreement, together with the definitions contained in sections 1.38 and 1.39 of the Settlement Agreement relating thereto, are expressly incorporated herein in all respects. The Releases are effective as of the date this Judgment becomes Final. Accordingly, the Court orders that, as of the date this Order becomes Final:

   a. The Named Plaintiffs, on behalf of themselves and each member of the Settlement Class, shall release the Released Parties from the following claims (the "Released Claims"): any and all past, present, and future claims of any nature whatsoever (including claims for any and all losses, damages, unjust enrichment, attorneys' fees, disgorgement, litigation costs, injunction, declaration, contribution, indemnification or any other type or nature of legal or equitable relief), accrued or not, known or unknown, by or on behalf of the Plans, the Named Plaintiff, and each and every member of the Settlement Class, and their respective heirs, beneficiaries, executors, administrators, past and present parties, agents, attorneys, and assigns that: (a) involve the selection or monitoring of the Plans' investments or the Plans' fees or the disclosures made to

participants; or (b) arise out of the Action or are in any way related to any of the acts, omissions, facts, matters, transactions, or occurrences alleged in the Complaint. With respect to the Released Claims, it is the intention of the Parties and all other members of the Settlement Class and the Plans to expressly waive to the fullest extent of the law: (a) the provisions, rights and benefits of Section 1542 of the California Civil Code, which provides that a "general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party"; and (b) the provisions, rights and benefits of any similar statute or common law of any other jurisdiction that may be, or may be asserted to be, applicable. This release does not include any claims that the Named Plaintiff or the Settlement Class have for vested benefits under the terms of the Plans.

b. Defendants (or their Successor-In-Interest) shall conclusively, absolutely, unconditionally, irrevocably, and forever release and discharge the Named Plaintiff and Class Counsel from all Claims of Defendants related to the institution or prosecution of this Action.

10. Upon this Judgment becoming Final, the Plaintiffs and the Plans shall be permanently and finally enjoined, without the necessity of Defendants posting a bond, from commencing or prosecuting any actions or other proceedings asserting any of the Released Claims either directly, indirectly, derivatively, or in any other capacity, against any of the Released Parties.

11. The Action is hereby dismissed without prejudice with a direction to the clerk of the Court to enter final judgment pursuant to Fed. R. Civ. P. 54(b), finding that there is no just reason for delay of enforcement or appeal of the instant Order. The dismissal without prejudice is solely to allow the Court to supervise the administration of the Settlement.

12. The Court shall retain exclusive jurisdiction to resolve any disputes or challenges that may arise as to the performance of the Settlement Agreement or any challenges as to the performance, validity, interpretation, administration, enforcement, or enforceability of the Class Notice, Plan of Allocation, this Judgment, or the Settlement Agreement or the termination of the Settlement Agreement. The Court shall also retain exclusive jurisdiction and rule by separate Order with respect to all applications for awards of attorneys' fees and Case Contribution Award to the Named Plaintiff, and reimbursement of litigation costs, submitted pursuant to the Settlement Agreement.

13. In the event that the Settlement Agreement is terminated, in accordance with its terms, this Judgment shall be rendered null and void, *ab initio*, and shall be

vacated *nunc pro tunc*, and this Action shall for all purposes with respect to the Parties revert to its status as of the day immediately before the Settlement was reached. The Parties shall be afforded a reasonable opportunity to negotiate a new case management schedule.

14.     This Judgment shall not be construed or used as an admission, concession, or declaration by or against Defendants of any fault, wrongdoing, breach, or liability. Defendants have denied and continue to deny all of the claims and allegations made by Named Plaintiff in the Action and specifically deny any liability, wrongful conduct, violation of law, or breach of duty of any kind.

15.     This Judgment shall not be construed or used as an admission, concession, or declaration by or against Named Plaintiff or the Settlement Class that their claims lack merit, or that the relief requested in the Action is inappropriate, improper, or unavailable.

16.     This Judgment shall not be construed or used as an admission, concession, declaration, or waiver by any Party of any arguments, defenses, or claims they may have in the event that the Settlement Agreement is terminated. Moreover, the Settlement Agreement and any proceedings taken pursuant to the Settlement Agreement are for settlement purposes only. Neither the fact of, nor any provision contained in, the Settlement Agreement or its exhibits, nor any actions taken thereunder, shall be construed as, offered into evidence as, received into evidence as, and/or deemed to be evidence of a presumption, concession, or admission of any kind as to the truth of any

fact alleged or validity of any claim or defense that has been, could have been, or in the future might be asserted.

17.     Accordingly, the Motion for Final Approval of Class Action Settlement, Certification of Settlement Class, Appointment of Class Representative and Class Counsel, Approval of Notice to Settlement Class, and Approval of Plan of Allocation (ECF No. 72) is **GRANTED.**

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

DATED: October 10, 2024
at Minneapolis, Minnesota.

                                                                   JOHN R. TUNHEIM
                                                    United States District Judge